**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **F.L.K.,** | : | |
| **Petitioner,** | : | |
| **v.** | : | **Case No. 4:26-cv-698-CDL-CHW**<br>**28 U.S.C. § 2241** |
| **Warden, STEWART DETENTION CENTER,** | : | |
| **Respondent.** | : | |

**ORDER AND RECOMMENDATION**

Before the Court is Respondent Warden of Stewart Detention Center's motion to dismiss (Doc. 4) Petitioner F.L.K's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). For the following reasons, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 4) be **DENIED** and that Petitioner's application for relief be **GRANTED**. It is also **ORDERED** that Petitioner's motion for the appointment of counsel (Doc. 8) be **DENIED**.

**BACKGROUND**

In his petition, Petitioner states that he has been continuously detained since December 2024. Doc. 1, p. 1. Respondent has not disputed this fact and has not introduced any evidence to show when Petitioner first entered custody or how long he has been detained.

The evidence submitted by Respondent shows that Petitioner, a native and citizen of Afghanistan, applied for admission at the San Ysidro Port of Entry on February 18, 2024. (Doc. 4-2). Petitioner was determined to be inadmissible under 8 U.S.C. § 1182(7)(A)(i)(I). (*Id.*). United States Citizenship and Immigration Services ("USCIS") served Petitioner with a Notice to Appear ("NTA") on March 19, 2024, charging Petitioner with removability under § 1182(7)(A)(i)(I). (Doc.

4-3). On July 14, 2024, Petitioner filed an application for relief from removal with the Immigration Court. (Doc. 4-1, ¶ 8). On October 11, 2024, an Immigration Judge ("IJ"), in an oral decision, denied Petitioner's request for relief and ordered Petitioner removed to Brazil or, alternatively, to Afghanistan. (Doc. 4-4). The IJ issued a written summary of that decision on November 5, 2024. (*Id.*). Petitioner reserved his right to appeal and filed an appeal to the Board of Immigration Appeals ("BIA") on December 4, 2024. (*Id.*, p. 4); (Doc. 4-5). The BIA dismissed Petitioner's appeal on April 24, 2025, and denied Petitioner's motion for reconsideration on August 20, 2025. (Docs. 4-8; 4-9). Petitioner requested review before the United States Court of Appeals for the Eleventh Circuit, and the Eleventh Circuit denied Petitioner's petitions for review on March 4, 2026. (Doc.4-1, ¶¶ 19, 22, 23).

On July 24, 2025, Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE/ERO") contacted ERO Headquarters regarding available flights to effectuate Petitioner's removal. (Doc. 4-1, ¶ 15). ERO HQ responded on July 3, 2025, that there were no available flights at that time. (*Id.*). On December 10, 2025, an IJ held a bond redetermination hearing at Petitioner's request and denied bond based on a lack of jurisdiction. (*Id.*, ¶ 18). On December 23, 2025, ICE/ERO contacted ERO HQ regarding the status of obtaining a transportation letter to effectuate Petitioner's removal. (*Id.*, ¶ 19). ICE/ERO again contacted ERO HQ on January 24, 2026, to inquire about possible charter flights to effectuate Petitioner's removal and the status of Petitioner's travel documents. (*Id.*, ¶ 21). ERO HQ indicated the following day that the request for transportation was still pending and that there were no available flights at that time. (*Id.*). Petitioner is presently detained at the Stweart Detention Center. (Doc. 12).

Petitioner filed this habeas action pursuant to Section 2241 on April 22, 2026. (Doc. 1). Respondent filed this motion to dismiss on May 19, 2026. (Doc. 4). Petitioner filed a motion to

appoint counsel on June 16, 2026, (Doc. 8) and a response to the motion to dismiss on June 30, 2026. (Doc. 9). These motions are ripe for review.

**DISCUSSION**

Respondent urges the Court to dismiss Petitioner's habeas petition arguing that Petitioner has failed to meet his evidentiary burden under *Zadvydas* to show that there is no significant likelihood of removal in the reasonably foreseeable future. As discussed below, Petitioner has met his burden, and Respondent's motion to dismiss should be denied.

Under § 1231(a), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This removal period begins on the latest of three triggering dates:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* at §§ 1231(a)(2)(B)(i)–(iii).

Detention during this 90-day "removal period" is mandatory. *Id.* at § 1231(a)(2)(A). This removal period shall be extended "and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* at § 1231(a)(1)(C). Detention may continue beyond the 90-day period if it is "reasonably necessary" to effectuate removal. *Zadvydas*, 533 U.S. at 689; 8 U.S.C. § 1231(a)(6).

Although § 1231(a)(6) does not limit the length of post-final order of detention, the Supreme Court of the United States determined in *Zadvydas* that detention for six months is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. Following this six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable further, the Government must respond with evidence sufficient to rebut that showing." *Id.* The United States Court of Appeals for the Eleventh Circuit has explained that for an alien to state a claim under *Zadvydas*, he must show "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) 'evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (quoting *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)). Only if a petitioner makes both of these showings does the burden shift to the respondent to rebut with evidence. *Zadvydas*, 522 U.S. at 701.

Respondent argues that Petitioner's Section 2241 petition should be dismissed because Petitioner has not met the second prong of *Zadvydas*—a petitioner "must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052. Respondent correctly concedes *Zadvydas*'s first prong, that Petitioner has been detained longer than six months, and argues that Petitioner has not provided any evidence as to the second prong. (Doc. 4, p. 5). As discussed below, Petitioner has met his initial burden to shift the standard to Respondent to show that there is a significant likelihood of removal in the reasonably foreseeable future. Respondent has not met this shifted burden, and Petitioner is entitled to release.

Petitioner argues that his removal is not significantly likely in the reasonably foreseeable future because the government has not secured a travel document and there has been no progress towards removal. (Doc. 1-1, p. 2). Respondent's evidence to the contrary is in the form of Yishmael Aguilar's sworn declaration testimony that ICE/ERO is merely waiting on the issuance of travel documents. (Doc. 4-1). ICE/ERO has been waiting on those documents for nearly two years now.

The record shows that Petitioner has been in ICE/ERO custody since December 2024, and Respondent has been unable to effectuate Petitioner's removal in the twenty-three months since the IJ ordered him removed, on November 5, 2024. While "the mere existence of a delay of Petitioner's deportation is not enough for Petitioner to meet his burden," the totality of the record here indicates that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Ortiz v. Barr*, No. 20-CV-22449, 2021 WL 6280186, at *5 (S.D. Fla. Feb. 1, 2021) ("[T]he mere existence of a delay of Petitioner's deportation is not enough for Petitioner to meet his burden." (citations omitted)), <u>report and recommendation adopted</u>, No. 20-22449-CIV, 2022 WL 44632 (S.D. Fla. Jan. 5, 2022). Specifically that ERO HQ has now enumerated multiple times that there are no flights to effectuate Petitioner's removal. (Doc. 4-1).

The burden then shifts to Respondent to show a significant likelihood of removal in the reasonably foreseeable future. Respondent has not met this burden. Respondent asserts merely that Petitioner's travel document "request remains pending, and when a travel document is issued, there will be no specific impediment to Petitioner's removal to Afghanistan." (Doc. 4, pp. 5–6). The Court is unconvinced. Not only has Petitioner now been in custody for more than twenty-two months, the evidence provided by Respondent indicates that there have been numerous flight availability requests that have been returned as "no available flights." (Doc. 4-1). A "significant likelihood" must be more than a mere possibility, and Respondent has not met his burden.

Petitioner has been detained far longer than the presumptively reasonable six-month period, and he has directed the Court to evidence esatblihing a good reason to believe that there is not a significant likelihood of removal in the reasonably foreseeable future. In response, Respondent has not met his burden to show that there is in fact a significant likelihood of removal in the reasonably foreseeable future. Therefore, Respondent's motion to dismiss should be denied and Petitioner's Section 2241 petition granted.

Petitioner has also moved for the appointment of counsel. (Doc. 8). Petitioner does not cite to the relevant statutory authority, however, 18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [28 U.S.C. § 2241]." 18 U.S.C. § 3006A(a)(2)(B). However, the issues in this case are neither factually nor legally complex. Petitioner has set forth the essential factual allegations underlying his claims in his habeas application, and the applicable legal doctrines are readily apparent. Further, the Court finds no factual dispute which would necessitate either discovery or an evidentiary hearing at this time. Thus, the interests of justice do not require the appointment of counsel in this case. Accordingly, Petitioner's motion for appointed counsel (Doc. 8) is **DENIED**. If it becomes apparent at a later point in this proceeding that Petitioner is entitled to appointed counsel, he may refile his motion.

## CONCLUSION

For the reasons discussed herein, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 4) be **DENIED** and Petitioner's application for habeas corpus relief (Doc. 1) be **GRANTED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 27th day of October, 2026.

s/ Charles H. Weigle__________
Charles H. Weigle
United States Magistrate Judge